UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| GREGORIO J. CASTANEDA, JR.; dba CASTANEDA BAIL BONDS, § § § Plaintiff, § VS. § WEBB COUNTY SHERIFF RICK FLORES, *et al*, § § § Defendant. § | CIVIL ACTION NO. L-05-129 |

## OPINION & ORDER

Pending before the Court is Plaintiff's Motion for Preliminary Injunction and Plaintiff's Objections to Report and Recommendation of Magistrate. [Dkt. Nos. 20, 51]. Upon due consideration of the pleadings, the record and the legal authorities, the Court DENIES Plaintiff's Motion for Preliminary Injunction.

### I. Procedural Background

On August 5, 2005, Plaintiff filed Plaintiff's Motion for Preliminary Injunction. [Dkt. No. 20]. On August 31, 2005, Plaintiff's Motion for Preliminary Injunction was referred to Magistrate Judge Adriana Arce-Flores. [Dkt. No. 47]. On February 2, 2006, Judge Arce-Flores filed a Report and Recommendation recommending that the District Court deny Plaintiff's Motion for Preliminary Injunction. [Dkt. No. 48]. On February 16, 2006, Plaintiff filed Plaintiff's Objections to Report and Recommendation in which Plaintiff objected to Judge Arce-Flores' finding that "Plaintiff would have an adverse affect [sic] on the public if Plaintiff were to

have another episode in which Plaintiff became verbally abusive with a Webb County Sheriff employee."  [Dkt. No. 51] (*quoting* Docket No. 48 at 7-8) (mistake in original).

## II.  Discussion

When reviewing a dispositive ruling by a magistrate judge, a district judge must make a *de novo* determination of those portions of the magistrate's recommendation to which a timely objection has been made.  *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982); 28 U.S.C. § 636(b)(1).  Accordingly, the Court reviews Judge Arce-Flores' finding that Plaintiff would have an adverse effect on the public if Plaintiff were to have another episode in which Plaintiff became verbally abusive with a Webb County Sheriff employee.

In the Report and Recommendation, Judge Arce-Flores found that the public interest would be affected if Plaintiff were to have another verbally abusive episode with a Webb County Sheriff employee.  [Dkt. No. 48 at 7-8]  Implicit in this finding is the finding that Plaintiff previously had an episode with a Webb County Sheriff employee.  After a close review of the record, the Court finds that there is insufficient evidence to support the claim that Plaintiff had a verbally abusive episode with a Webb County Sheriff employee.

In support of their claim that [Plaintiff] verbally abused a Sheriff's Department employee, Defendants Webb County Sheriff Rick Flores and Webb County provided a letter from Defendant Flores to Judge Alvino "Ben" Morales, presiding judge of the Webb County Bail Bond Board, in which Defendant Flores claims that Plaintiff "banged a wad of papers on the window counter loudly berat[ing] [Ms. Sandra Pena]."  [Dkt. No. 21, Ex. B]  Conversely, in support of his Motion for Preliminary Injunction, Plaintiff claims that "[Plaintiff] had not disrespected [bail bond officer, Sandra Pena,] but had simply inquired as to why the bonding

process was taking so long. [Dkt. No. 20, Ex. B at 1]

Due to the conflicting reports regarding Plaintiff's encounter with Ms. Pena, the Court finds there is insufficient evidence to support either that Plaintiff had a verbally abusive episode with a Webb County Sheriff employee or that Plaintiff did not have a verbally abusive episode with a Webb County Sheriff employee.

Nevertheless, the Court DENIES Plaintiff's Motion for Preliminary Injunction because Plaintiff has failed to object to Judge Arce-Flores' finding that Plaintiff has failed to show a substantial threat of irreparable injury. The Court may reconsider any pretrial matter designated to a magistrate judge where it has been shown that the magistrate judge's order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Plaintiff has failed to provide the Court with any argument that Judge Arce-Flores' finding is "clearly erroneous or contrary to law."

The Fifth Circuit has recognized four factors which "must be shown before a party will be entitled to a preliminary injunctive relief:

> (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest."

*Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (*citing Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Because Judge Arce-Flores found that Plaintiff has failed to establish the "substantial threat of irreparable

injury" and because Plaintiff has failed to establish that this finding was "clearly erroneous or contrary to law," the Court DENIES Plaintiff's Motion for Preliminary Injunction.

IT IS SO ORDERED

DONE this 28th day of March, 2006, in Laredo, Texas.

Micaela Alvarez
United States District Judge