O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| GREGORIO J. CASTANEDA, JR. d/b/a § <br> CASTANEDA BAIL BONDS, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> WEBB COUNTY SHERIFF RICK § <br> FLORES, Individually and in his Official § <br> Capacity as Sheriff of Webb County; § <br> WEBB COUNTY; and WEBB COUNTY § <br> BAIL BOND BOARD, § <br> § <br> Defendants. § | Civil Action No. 5:05-cv-129 |

## OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment. [Dkt. No. 79]. Upon due consideration of the pleadings, responsive filings, and the governing law, the Court DENIES Defendants' Motion but grants Defendants leave to file an amended motion.

### I.  PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff Gregorio Castaneda operates a bail bond business in Webb County, Texas. [Dkt. No. 50-1 at 1]. In his Second Amended Complaint, Plaintiff alleges that Webb County Sheriff Rick Flores, Webb County, and the Webb County Bail Bond Board have together "instituted a series of policies which are designed to prevent Castaneda from conducting his lawful business as a bondsman." [Dkt. No. 62, ¶ 7]. Specifically, Plaintiff alleges that as a result of a personal altercation between himself and Defendant Flores, and upon refusing to donate to Sheriff Flores' electoral campaign, Flores declared that Plaintiff "would never conduct bail bond business in [Webb] [C]ounty," and that Plaintiff would "never be able to step into the [C]ounty [J]ail or

[C]ounty [B]ail [B]ond [D]epartment," as is necessary for Plaintiff to conduct his business. [Dkt. No. 62, ¶ 11]. Defendants thereafter followed through with this threat by allegedly engaging in malicious conduct, such as convincing the Webb County Bail Bond Board that Plaintiff was "mentally unstable," and that Plaintiff was "involved in unauthorized entry of information concerning a bond." [Dkt. No. 62, ¶ 12]. Plaintiff claims that, ultimately, through the encouragement of Defendant Flores, the Bond Board wrongfully suspended Plaintiff's bonding license. [Dkt. No. 62, ¶ 15].

On September 20, 2006, the Court issued an Opinion & Order denying in part and granting in part Defendant Rick Flores' Motion to Dismiss based on qualified immunity. [Dkt. No. 69]. The Court at that time distilled Plaintiff's somewhat confusing complaint down to the following causes of action: (1) a claim, pursuant to 42 U.S.C. § 1983, that Defendants, acting under the color of state law, (a) punished Plaintiff for exercising his right to speak freely under the First Amendment, and (b) denied Plaintiff a property interest—that is, his ability to engage in his occupation—without due process of law in violation of the Fourteenth Amendment; [Dkt. No. 69 (referring to Plaintiff's Second Amended Complaint, Dkt. No. 62)]; (2) tortious interference with contract; and (3) tortious interference with prospective business relationships. *Id.*

On December 15, 2006, Defendants filed the Motion for Summary Judgment now before the Court. [Dkt. No. 79].

## II.     DISCUSSION

Federal Rule of Civil Procedure 56(c) provides for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263 (1986). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Id.* at 261. The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Once a moving party has met its burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Assuming no genuine issue exists as to the material facts, the Court will then decide whether the moving party shall prevail solely as a matter of law. *Id.* The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendants' Motion is titled "Motion for Summary Judgment (Traditional and No Evidence.)" Described above is the *federal* summary judgment standard. Defendants, however, are apparently of the belief that the *state* "no evidence" standard[1] applies in this Court. They are incorrect. *See Trautmann v. Cogema Mining, Inc.*, 2007 U.S. Dist. Lexis 39387 (S.D. Tex. 2007) ("[I]t is an inescapable deduction of controlling case law that strict adherence to the federal [summary judgment] standard, and only the federal standard, is the correct approach."); *Cardner v. Home Depot U.S.A., Inc.*, 2006 U.S. Dist. Lexis 17753, 4-5 (E.D. Tex. 2006) ("A no evidence

---

[1] "After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial . . . . The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i).

motion for summary judgment is only available in the Texas state courts . . . . Accordingly, the court will apply the appropriate federal standard to the [d]efendant's motion for summary judgment."); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in . . . federal summary judgment procedure."); *Goldberg v. Craig (In re Hydro-Action, Inc.)*, 341 B.R. 186, 194 (Bankr. E.D. Tex. 2006) ("While federal law clearly contemplates summary judgment in circumstances where there is truly no evidence of an essential element . . . the party moving for summary judgment must make some showing that evidence on an essential point is wholly lacking . . . .").

In short, Defendants cannot win summary judgment merely by repeating throughout twenty-seven pages that Plaintiff has "no evidence." Rather, although the federal standard does not require Defendants to *produce additional evidence* negating Plaintiff's evidence, they nevertheless "bear[] the initial responsibility of informing the district court of the basis for [their] motion, and *identifying those portions of the [record]* which [they] believe[] demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (emphasis added).

Defendants' brief is long. One might mistakenly equate this with being "thorough." However, rather than combing the record to demonstrate specifically how the evidence therein fails to give rise to genuine fact issues, Defendants leave that job to the Court. Defendants instead devote much time to irrelevant matters such as arguing issues of fact, the resolution of which is clearly inappropriate at the summary judgment phase. Defendants also spend considerable energy arguing that Plaintiff has failed to provide evidence of damages. For example, Defendants argue that "Plaintiff cannot produce the necessary evidence to sustain a claim for mental anguish." [Dkt. No. 79, ¶ 41]. Summary judgment applies to *claims*. Mental anguish is not a "claim." If

Plaintiff is unable to prove mental anguish, he simply will not recover for mental anguish; the Court fails to see how this would warrant summary judgment as to Plaintiff's substantive claims. Additionally, since a "plaintiff[] is entitl[ed] to recover at least nominal damages under § 1983," it hardly seems to matter if he can prove economic damages at the summary judgment phase. *Edwards v. Balisok*, 520 U.S. 641, 645 (1997); *see also Brister v. Faulkner*, 214 F.3d 675, 683 n.7 (5th Cir. 2000); *Fyfe v. Curlee*, 902 F.2d 401 (5th Cir. 1990); *Ryland v. Shapiro*, 708 F.2d 967 (5th Cir. 1983).

### III.  CONCLUSION

Defendants must present to the Court a proper summary judgment motion in order to win the relief to which they are potentially entitled. The Court will give them a second chance to do so. Should Defendants still wish to pursue summary judgment, they are **ORDERED** to file with the Court within 30 days an amended motion explaining, with specific and thorough references to the record, how the evidence therein fails to create genuine fact issues on essential elements of Plaintiff's claims. Should Defendants fail to do so, the case will proceed to trial.

IT IS SO ORDERED.

Done this 8th day of June, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**